McRAE, Justice,
for the Court:
This appeal arises from a replevin action in the Lowndes County Circuit Court, wherein the Lawrences sought possession of certain vehicles which had been confiscated by Lowndes County Sheriff, Dennis Prescott, and were stored at Greenline Equipment, Inc. In a January 6,1992 decision, the United States Bankruptcy Court for the Northern District of Mississippi, Eastern Division, found that the vehicles, which had been abandoned from the bankruptcy estate, could not be exempted by amendment. Based on the Bankruptcy Court’s decision, the circuit court found that the Lawrences were estopped from claiming the vehicles as exempt from seizure pursuant to Miss.Code Ann. § 85-3-1(a), and granted summary judgment in favor of the judgment creditor/intervenor, West Alabama Bank and Trust. Aggrieved by the decision, which enabled West Aabama Bank and Trust to attempt to partially collect a December 6, 1990 judgment of $55,773.74 against Lee Lawrence through a public sale of the vehicles, the Lawrences now assert that the trial court erred in granting summary judgment to defendants based on a ruling by the United States Bankruptcy Court.
Lawrence owned a used ear dealership known as Lee Lawrence Motor Company in Columbus, Mississippi. Through a series of proceedings during which the bankruptcy court repeatedly noted that the Lawrences were less than candid with the court, the vehicles at issue were found to be part of Lee Lawrence’s business inventory. On appeal, however, the Lawrences contended that, despite the ruling of the bankruptcy court, the vehicles should be exempt pursuant to Miss. Code Ann. § 85-3-l(a), which exempts from seizure or attachment “[tjangible personal property of any kind, not exceeding Ten Thousand Dollars ($10,000.00) in value, which shall be selected by the debtor ...” In response to the Lawrences’ three-page argument, West Aabama asserts that the circuit court properly ruled that allowing the Law-rences to claim the automobiles under the § 85-3-1 (a) exemption would allow them to claim a double exemption and further, that res judicata and collateral, judicial and equitable estoppel all prevented them from relit-igating the exemption status of the vehicles.
On December 22, 1995, we received a copy of the bankruptcy court’s December 20, 1995 Judgment Denying Discharge, denying the discharge of the Lawrence’s debts. In as much as the Lawrences’ bankruptcy petition has been denied, the issue of whether certain assets can be exempt from seizure based on their status with regard to the bankruptcy estate is now moot. Accordingly, we dismiss the appeal.
APPEAL DISMISSED.
SULLIVAN, P.J., and JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.
BANKS, J., concurs with separate written opinion joined by DAN M. LEE, C.J., PRATHER, P.J., and PITTMAN, J.